The Honorable Mark Riable State Representative 16611 Burlingame Road Little Rock, AR 72211
Dear Representative Riable:
This is in response to your request for an opinion on the following question:
 It is my understanding that the Governor appoints replacement justices to the Arkansas Supreme Court when a sitting justice has a conflict of interest in a particular case. In the event that the Governor is a party to a lawsuit in which a Supreme Court Justice recuses, does the Governor have a conflict of interest, and if so, who would make the appointments in the event the Governor has a conflict of interest?
Your understanding that the Governor commissions replacement justices to the Arkansas Supreme Court in the event of a recusal by a sitting justice in a particular case is correct. This authority is granted to the Governor in Article 7, Section9 of the Arkansas Constitution, which provides:
 In case all or any of the judges of the Supreme Court shall be disqualified from presiding in any cause or causes the court or the disqualified judge shall certify the same to the Governor, who shall immediately commission the requisite number of men learned in the law to sit in the trial and determination of such causes.
Additionally, Amendment 6, Section 4 to the Arkansas Constitution provides that upon "the impeachment of the Governor, or his removal from office, death, inability to discharge the powers and duties of the said office, resignation or absence from the State," the powers and duties of the office shall devolve upon the Lieutenant Governor for the residue of the term, or until the disability shall cease. Thus, if, for some reason, the Governor is unable to discharge the powers and duties of his office, those powers and duties fall upon the Lieutenant Governor until the Governor's disability ceases.
The question presented by your request is whether the fact that the Governor is a party to a lawsuit renders him unable to discharge his duty under Article 7, Section 9 of the Constitution to commission someone to sit as a justice in that case. I have found no law indicating that an apparent conflict of interest in the performance of his duties renders the Governor unable to discharge those duties. Accordingly, it is my opinion that the Governor must exercise his discretion in determining whether or not he is so disabled. Should the Governor choose to exercise his lawful duty to commission a justice in this situation, however, I have found no legal prohibition against him doing so.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh